1  Mark E. Ellis – 127159
   Andrew M. Steinheimer – 200524
2  ELLIS, COLEMAN, POIRIER, LAVOIE,
     & STEINHEIMER LLP
3  555 University Avenue, Suite 200 East
   Sacramento, CA  95825
4  Tel: (916) 283-8820
   Fax: (916) 283-8821
5
   Attorneys for Defendants CREDIGY RECEIVABLES, INC., and ESKANOS & ADLER, APC.
6

7

8              **SUPERIOR COURT FOR THE OF CALIFORNIA**

9                 **NORTHERN DISTRICT OF CALIFORNIA**

10

11 | ANTHONY KELLY,                              | Case No.:
12 |     Plaintiff,                              | San Francisco County Case No.: CGC-07-464265
13 | v.                                          | **NOTICE OF REMOVAL OF ACTION UNDER 28 USC § 1441(b) (FEDERAL QUESTION)**
14 | CREDIGY RECEIVABLES, INC., ESKANOS
   | & ADLER, APC, IRWIN ESKANOS, BARRY
15 | ADLER, JEROME YALON, DONALD
   | STEBBINS, KURTISS JACOBS, AND JANET
16 | BROWN, AND DOES 1 through 10
17 |     Defendants.

18

19         TO THE CLERK OF THE ABOVE-ENTITLED COURT:

20         PLEASE TAKE NOTICE that Defendants CREDIGY RECEIVABLES, INC., and ESKANOS

21 & ADLER, APC, hereby remove to this Court the state court action filed by Anthony Kelly identified

22 as San Francisco County Superior Court, case number CGC 07-464265.

23         1.      On June 13, 2007, an action was commenced in San Francisco County Superior Court,

24 entitled Kelly v, Credigy Receivables, Inc., et al., as case number CGC 07-464265.

25         2.      On or about August 18, 2007, CREDIGY RECEIVABLES, INC. received the

26 Summons and Complaint, a copy of the Complaint is attached at **Exhibit A**.

27         3.      On or about August 17, 2007, ESKANOS & ADLER, APC, received the Summons and

28 Complaint.  A copy of the summons is attached hereto as **Exhibit B**.

- 1 -

NOTICE OF REMOVAL OF ACTION UNDER 28 USC § 1441(b) (FEDERAL QUESTION)

4. This Court has jurisdiction to hear this case because this action is a civil action of which this Court has original jurisdiction under **28 U.S.C. § 1331**, and is one which may be removed to this Court by defendant pursuant to the provisions of **28 U.S.C. § 1441(b)** in that it arises under the federal Fair Debt Collection Practices Act (**15 U.S.C. § 1692, *et seq.***).

5. The Defendants that have been served with the complaint hereby jointly remove this case to federal court. Defendants are informed and believe that the individual defendants consent to this removal.

Dated: September 14, 2007

ELLIS, COLEMAN, POIRIER, LaVOIE
& STEINHEIMER, LLP

By_____
Andrew M. Steinheimer
Attorneys for Defendants
Credigy Receivables, Inc., and Eskanos & Adler, APC.

# CERTIFICATE OF SERVICE

I, Jennifer E. Mueller, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause. My business address is 555 University Avenue, Suite 200 East, Sacramento, CA 95825.

On September 14, 2007, I served the following document(s) on the parties in the within action:

**NOTICE OF REMOVAL OF ACTION UNDER 28 USC § 1441(b) (FEDERAL QUESTION)**

| | |
|---|---|
| X | **BY MAIL**: I am familiar with the business practice for collection and processing of mail. The above-described document(s) will be enclosed in a sealed envelope, with first class postage thereon fully prepaid, and deposited with the United States Postal Service at Sacramento, CA on this date, addressed as follows: |
| | **BY HAND**: The above-described document(s) will be placed in a sealed envelope which will be hand-delivered on this same date by _____, addressed as follows: |
| | **VIA FACSIMILE**: The above-described document(s) will be transmitted via facsimile, and a copy of same will be mailed, on this same date to the following: |
| | **VIA OVERNIGHT SERVICE**: The above-described document(s) will be delivered by overnight service, to the following: |

Jonathan G. Stein                               Attorneys for Plaintiff
Law Offices of Jonathan A. Stein                ANTHONY KELLY
5050 Laguna Boulevard
Suite 112-325
Elk Grove, CA 95758

I declare under penalty of perjury under the laws of the State of California that the foregoing is a true and correct statement and that this Certificate was executed on September 14, 2007.

By: _____
    Jennifer E. Mueller

NOTICE OF REMOVAL OF ACTION UNDER 28 USC § 1441(b) (FEDERAL QUESTION)

ORIGINAL

Jonathan G. Stein, SBN 224609
Law Offices of Jonathan G. Stein
5050 Laguna Blvd, Suite 112-325
Elk Grove, CA 95758
(916) 247 6868
Attorney for Defendant, Anthony Kelly

**FILED**
San Francisco County Superior Court
JUN 1 5 2007
GORDON PARK-LI, Clerk
BY: _____
DEBORAH STEPPE, Deputy Clerk

**SUMMONS ISSUED**

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

ANTHONY KELLY,

    Plaintiff,

v.

CREDIGY RECEIVABLES, INC,
ESKANOS AND ADLER, APC, IRWIN
ESKANOS, BARRY ADLER, JEROME
YALON, JR., DONALD STEBBINS,
KURTISS JACOBS, JANET BROWN
AND
DOES 1 through 100

Case No.: CGC-07-464265

LIMITED CIVIL

COMPLAINT

CASE MANAGEMENT CONFERENCE SET

OCT 1 2 2007 -10:30 AM

DEPARTMENT 212

Plaintiff ANTHONY KELLY, alleges:

1. Plaintiff ANTHONY KELLY ("KELLY") is an individual residing in the State of California.

2. Defendant ESKANOS AND ADLER, APC ("E&A") is conducting business as a law firm in City and County of San Francisco, California, and its partners are licensed to practice law in the State of California.

3. Defendant IRWIN ESKANOS ("ESKANOS") is an attorney licensed to practice law in the State of California and is a partner in E&A.

4. Defendant BARRY ADLER ("ADLER") is an attorney licensed to practice law in the State of California and is a partner in E&A.

Second Amended Cross Complaint - 1

EXHIBIT A

5. Defendant JEROME YALON, JR ("YALON") is an attorney licensed to practice law in the State of California and is employed in an unknown capacity, either associate or partner, by E&A.

6. Defendant DONALD R. STEBBINS ("STEBBINS") is an attorney licensed to practice law in the State of California and is employed in an unknown capacity, either associate or partner, by E&A.

7. Defendant KURTISS A. JACOBS ("JACOBS") is an attorney licensed to practice law in the State of California and is employed in an unknown capacity, either associate or partner, by E&A.

8. Defendant JANET L. BROWN ("BROWN") is an attorney licensed to practice law in the State of California and is employed in an unknown capacity, either associate or partner, by E&A.

9. Defendant CREDIGY RECEIVABLES, INC ("CREDIGY") is a Nevada corporation licensed to do business in California.

10. The true names and precise capacities of those defendants sued herein as DOES 1 through 100, inclusive, are currently unknown to plaintiff, who therefore sues each such defendant by such fictitious names.

11. Plaintiff is informed and believes and thereon alleges, that at all relevant times, each of the fictitiously named defendants was the agent or employee of each of the remaining defendants, and was acting within the course and scope of said agency and employment, and with the knowledge, consent and ratification of each of the remaining defendants.

12. Plaintiff is informed and believes and thereon alleges, that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that plaintiffs damages as herein alleged were legally caused by their conduct, actions and omissions.

### FIRST CAUSE OF ACTION

### MALICIOUS PROSECUTION

13. On or about August 17, 2005, defendant CREDIGY filed a complaint in San Francisco County Superior Court, Case Number CGC-05-444121, naming KELLY in various causes of action, all without merit.

14. Defendant CREDIGY was represented by defendants ESKANOS, ADLER, STEBBINS, YALONS, JACOBS, AND BROWN, all of whom are partners and/or associates of defendant E&A, who filed and served the complaint on KELLY.

15. On or about June 16, 2006 defendant CREDIGY dismissed its entire complaint and all causes of action.

16. Defendant's complaint alleged KELLY owed a debt to FIRST SELECT, INC and FLEET BANK. Defendants had no evidence to show KELLY owed any such debt and, despite alleging breach of contract, had no such contract.

17. KELLY, in the underlying case, wrote to defendant CREDIGY raising serious questions about the validity of defendants' suit against KELLY. On information and belief plaintiff alleges that defendant CREDIGY did not respond to this letter and continued the suit against KELLY.

Second Amended Cross Complaint - 3

18. On or about August 4, 2006 judgment was entered for KELLY, including costs. Defendants did not contest the judgment or the costs submitted.

19. Plaintiff is informed and believes and thereon alleges that all defendants actively participated in the filing and/or subsequent prosecution of the complaint against plaintiff KELLY.

20. Plaintiff is informed and believes and thereon alleges that all defendants intentionally or with conscious disregard for plaintiffs rights, filed and prosecuted the complaint for wrongful and malicious purposes, to wit; to wrongfully obtain money based on defendants unmeritorious and malicious prosecution of plaintiff

21. Defendants and each of them did not have probable cause to file and prosecute the complaint against plaintiff in that they neither had an actual nor reasonable belief that the complaint was meritorious.

22. Each defendants conduct constitutes malicious prosecution.

23. As a result of the conduct of defendants, plaintiff has suffered emotional distress and personal injuries, which have caused plaintiff physical pain and discomfort, anxiety, worry and emotional distress entitling plaintiff to general damages in an amount that will be established at the time of trial.

24. As a result of the wrongful conduct of defendants, plaintiff has incurred legal expenses and costs resulting from the defense of the maliciously prosecuted complaint plus interest all in an amount to be determined at trial in excess of $10,000.00.

25. The conduct of each defendant was despicable and constituted malice and/or oppression, entitling plaintiff to recover exemplary damages from each defendant under Civil Code Section 3294, in that the conduct was carried on by each defendant intentionally or with a willful and conscious disregard for plaintiff's rights.

26. Plaintiff is informed and believes and thereon alleges that the officers, directors and/or managing agents of each defendant had actual knowledge that the practices alleged above were malicious and nevertheless authorized and/or ratified the practices with a conscious and callous disregard for the rights of plaintiff.

## SECOND CAUSE OF ACTION

## VIOLATIONS OF CALIFORNIA CIVIL CODE 1788 et. Seq.

27. Plaintiff incorporates herein by reference the allegations contained in Paragraphs 1 through 26, above, as if fully set forth herein.

28. Defendant CREDIGY, by and through the other defendants, filed suit against Plaintiff alleging Plaintiff owed a debt to Defendant CREDIGY.

29. Said complaint violated the state Rosenthal Fair Debt Collections Practices Act:

   a. Said complaint violated the state Rosenthal Fair Debt Collections Practices Act in that the complaint made false or misleading representations in violation of California Civil Code 1788.10(f).

b. Said complaint also violated the state Rosenthal Fair Debt Collections Practices Act in that the complaint made false or misleading representations in violation of California Civil Code 1788.13(e).

c. Said complaint also violated the state Rosenthal Fair Debt Collections Practices Act in that the complaint was harassing.

d. After filing said complaint, Defendants continued to send letters to Plaintiff to harass plaintiff. These letters also violated the state Rosenthal Fair Debt Collections Practices Act in that the complaint was harassing.

e. Defendants, and each of them, did not provide verification of the debt, despite a request by Plaintiff. This is a violation of the state Rosenthal Fair Debt Collections Practices Act.

30. As a direct and proximate result of the actions of Defendants, Plaintiff sustained damages, including statutory damages and has thereby been damaged in an amount within the jurisdiction of this Court.

### THIRD CAUSE OF ACTION
### VIOLATIONS OF 15 USC 1692

31. Plaintiff incorporates herein by reference the allegations contained in Paragraphs 1 through 30, above, as if fully set forth herein.

32. Defendant CREDIGY, by and through the other defendants, filed suit against Plaintiff alleging Plaintiff owed a debt to Defendant CREDIGY.

33. The complaint violated various provisions of the Fair Debt Collections Practices Act:

    a. The complaint violated 15 USC 1692e in that the letter overstated the amount of the alleged debt.

    b. Said complaint also violated 15 USC 1692d in that it was harassing and abusive by overstating the amount of the alleged debt in the letter.

    c. Said complaint also violated 15 USC 1692f in that it attempted to collect an amount not owed. Furthermore, the letter used these amounts to inflate the amount of the alleged debt sent to cross-complainant.

    d. Said complaint also violated the "least sophisticated consumer" standard.

    e. The letter violated 15 USC 1692e by using false representations or deceptive means to attempt to collect the debt.

    f. After filing said complaint, Defendants continued to send letters to Plaintiff to harass plaintiff. These letters also violated the Fair Debt Collections Practices Act in that the complaint was harassing.

    g. Defendants, and each of them, did not provide verification of the debt, despite a request by Plaintiff. This is a violation of the Fair Debt Collections Practices Act.

34. As a direct and proximate result of the actions of Defendant, Plaintiff sustained damages, including statutory damages and has thereby been damaged in an amount within the jurisdiction of this Court.

## PRAYER

WHEREFORE, plaintiff prays judgment against defendants, and each of them, as follows:

1. General damages in an amount to be established at the time of trial.
2. Special damages in an amount to be established at the time of trial.
3. Statutory damages in an amount to be established at the time of trial.
4. For exemplary and punitive damages in an amount to set an example of defendants.
5. For attorneys fees in an amount to be established at the time of trial.
6. Costs of this suit; and
7. Whatever further relief the Court deems just and proper.

DATED: June 11, 2007                LAW OFFICES OF JONATHAN G. STEIN

By: _____
JONATHAN G. STEIN
Attorney for Plaintiff

ORIGINAL

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CREDIGY RECEIVABLES, INC, ESKANOS AND ADLER, APC, IRWIN ESKANOS, BARRY ADLER, JEROME YALON, DONALD STEBBINS, KURTISS JACOBS, JANET BROWN, DOES 1 TO 100

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ANTHONY KELLY

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
San Francisco Superior Court
400 McAllister Street
San Francisco, CA 94102

CASE NUMBER: CGC-07-464265

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jonathan G. Stein
5050 Laguna Blvd, Suite 112-325, Elk Grove, CA 95758   916 247 6868

DATE: JUN 1 3 2007     Gordon Park-Li   Clerk, by Deborah Steppe, Deputy
*(Fecha)*                 *(Secretario)*                          *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

SUMMONS

Code of Civil Procedure §§ 412.20, 465



EXHIBIT B